JONES v. EVANS.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 2057.

1. PATENTS (§ 165*)—CONSTRUCTION—IMPLIED TERMS OF CLAIMS.

Elements in claims should be read with reference both to the structure and the function given in the description of the invention, and interpreted to include such connections and relations of the several means of the combination which are named as are implied therewith to make them operative.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. § 165.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WINDOW LIFTER.

The Evans patent, No. 815,914, for a window lifter, construed, and held sufficiently specific to cover a structure erected in the particular manner shown in the drawings; also held valid and infringed.

Appeal from the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

Suit in equity by John A. Evans against James E. Jones. Decree for complainant, and defendant appeals. Affirmed.

Russell Wiles, of Chicago, Ill., for appellant.

Arthur M. Hood, of Indianapolis, Ind., for appellee.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge. This case comes before us on appeal from the decree of the District Court holding claims 1, 4, 5, and 6 of patent No. 815,914, granted to patentee March 20, 1906, for a window lifter, to be valid and infringed. Those claims read as follows, viz.:

"1. In a window or other lifter, the combination of a rotatable fulcrum or carrying block, a pair of links pivoted at different points to the block, and a connecting-arm to which the links are pivoted at a point on the other side of its center to the object to be lifted."

"4. In a window or other lifter, the combination of operating means, a rotatable fulcrum or carrying block, and means comprising a connecting-arm and two shorter arms or links, the two shorter arms or links being pivoted to a connecting-arm at one side of its center, the said arm being pivoted at a point on the other side of its center to the object to be lifted.

"5. In a window or other lifter, the combination of operating means a carrying or rotatable fulcrum-block and means comprising a connecting-arm and two shorter links or arms, the shorter links being pivoted to opposite sides of the carrying or fulcrum block at different points, and also pivoted to opposite sides of a connecting-arm at one side of its center, the said arm being pivoted at a point on the other side of its center to the object to be lifted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"6. In a window or other lifter, the combination with a connecting-arm and a rotatable fulcrum or carrying block of two links pivoted to the fulcrum-block and a connecting-arm, and operating upon the connecting-arm, one of the links exerting a pushing action upon the arm while the other link exerts a pull upon the arm the said connecting-arm being pivoted to the object to be lifted and to the two links at points on opposite sides of its center."

The following is a reproduction of figure 1 of the drawings of the patent in suit:

*Fig. 1.*

1 represents a wall, sill door, beam, or gable; 2 represents the frame, 3 the usual bracket-support, 4 a hinged ventilator, to be operated by the device of the patent, 5 a pipe-shaft, which may have an operating gear or lever at one or both ends, 6 a cap sleeve bearing upon the pipe-shaft, 7 a block removably secured to the cap sleeve 6; 8 is a connecting-arm pivoted to the ventilator and at the opposite end, having pivoted to it at different points and on opposite sides the two links 9 and 10 which are also pivoted to different points of the block 7, the connecting-arm 8 being pivoted to the object to be lifted and to the two links 9 and 10 at points on opposite sides of its center. The drawing shows the arms 9 and 10 pivoted at opposite ends of the block 7. This, patentee claims, may be varied. When power is applied through pipe-shaft 5, it is communicated by the links 9 and 10 to the connecting-arm 8, so that a swinging and lifting movement is imparted. Thus as block 7 is turned on the shaft 5, it pushes the link 9 down on the arm 8, while the outer link 10 pulls on the arm 8 so that the pivotal connection of the link 10 with the arm 8 moves farther away while the pivotal connection of the link 9 with arm 8 moves nearer to the pivotal point of shaft 5.

"By this means," says the patentee, "I secured a peculiar twisting or what is an equivalent of an eccentric action, so that I have combined in this device a lifting and pulling effect, whereby the whole movement of the ventilator is made with the minimum application of power and with no possibility of a dead-center."

Appellant denies validity, but does not dispute infringement if the patent be valid.

Many patents in the prior art are set out in the answer, but appellant now urges only patent No. 706,829, granted to E. F. Johnson, August 12, 1902, for means for operating and locking scuttle covers, and patent No. 112,498, granted to E. G. Russell, March 7, 1871, for a mechanical movement. These we will discuss later.

For the patent it is contended that it is new; that by means of the relative arrangement of its parts the labor of operation is greatly reduced, whereby a series of ventilating windows or covers can be harnessed up together and worked as one, or separately. The saving of

power in operation is approximately 30 per cent., while the range of lift or opening is increased. Appellant asserts that patentee devised a structure embodying two separate and distinct principles: (1) The generic principle of a balanced push and pull; and (2) the specific principle of transmitting that push and pull through crossed links as shown in the patent drawing, to secure a particular leverage, but that he actually undertook to patent what appellant's counsel term the genus only—the generic principle of a balanced push and pull  In support of this contention, appellant cites patentee's declaration in his co-pending application filed May 27, 1905, which resulted in patent No. 843,881, granted February 12, 1907, for a window lifter, which reads:

"This invention is, in fact, within the principle of my invention as described in my application, serial No. 250,588, filed March 17, 1905, for a window lifter [on which the patent in suit was granted] in which I have described a window lifter having the power applied through two links to different points of a connecting arm, so that I secure a combined pushing and pulling effect"

—and also the above-quoted language from the specification of the patent in suit (lines 71 to 76), and also, as he alleges, that nowhere in the patent in suit is there anything remotely indicating that it is limited to a structure in which the links 9 and 10 are crossed instead of parallel, or that such arrangement is desirable, and also the alleged absence of indication of any intention to limit the claims to any particular manner of erection with reference to the window. As to the recital in said patent No. 843,881, appellant has acquired no interest therein, nor is there any mutuality between appellant and appellee. The terms of an earlier patent cannot be modified by a later patent. The language, however, is not inconsistent with the construction placed by appellee upon the present claims. The general principle is the same in both, but the claims are different. Even were it otherwise, the scope of a patent must be determined from the instrument itself, read in view of the prior art. In setting up the alleged absence of reference in the specification to the effect that the links 9 and 10 are to be crossed save as contained in the lines 71 to 76, in support of his contention as aforesaid, appellant failed to call attention to the remainder of the specification. Beginning at line 77, it reads:

"As the block 7 turns on the shaft 5, the arm 9 pushes down on the arm 8 while the outer arm 10 pulls on the arm 8, so that the pivotal connection of the link 10 with the arm 8 moves farther away, while the pivotal connection of the link 9 with the arm 8 moves nearer to the pivotal point of the shaft 5. By this means I secured a peculiar twisting, or what is an equivalent of an eccentric action, so that I have combined in this device a lifting and pulling effect, whereby the whole movement of the ventilator is made with the minimum application of power and with no possibility of a dead-center."

[1] While the use of the term "for example" is somewhat misleading, we are of the opinion that the specification is ample to establish the fact that the patentee claimed specifically the device shown in the drawings and specification, viz., a structure erected in the particular manner shown in the drawings, even though not described in terms in the specification, thus covering the advantages of reduced power and wide rotation.

It was said in Carnegie Co. v. Cambria Co., 185 U. S. 403–432, 22 Sup. Ct. 698, 710 (46 L. Ed. 968):

"Whether the claim would be void if construed to include cupola metal, it is unnecessary to consider. It clearly includes metal from blast furnaces, and is not rendered void by the possibility of its including cupola metal."

In Brill v. Washington Railway & Electric Co., 215 U. S. 527–532, 30 Sup. Ct. 177, 54 L. Ed. 311, the court held that while the ball and socket arrangement there involved was not described in the claims, it was covered by the specification, and gave the plaintiff the benefit of the doubt.

Elements in claims should be read with reference both to the structure and the function given in the description of the invention. Louden v. Strickler, 195 Fed. 751–756, 115 C. C. A. 551 (C. C. A. 7th Cir.). We said in Duncan v. Stockham, 204 Fed. 781–789, 123 C. C. A. 133, 141:

"The claim in suit does not name all the various means shown in the specifications and drawings for connection of the means or elements named therein to make them operative in the combination; but we believe the claim is nevertheless sufficient for enforcement, on reference to the specifications. It is to be interpreted to include such connections and relations of the several means of the combination which are named, as implied therewith to make them operative, in conformity with the specifications"—citing a number of cases.

The Supreme Court has said, in McClain v. Ortmayer, 141 U. S. 425, 12 Sup. Ct. 78, 35 L. Ed. 800:

"It is true that, in a case of doubt, where the claim is fairly susceptible of two constructions, that one will be adopted which will preserve to the patentee his actual invention."

This is followed in Robins Conveying Belt Co. v. American Road Mach. Co., 145 Fed. 923, 76 C. C. A. 461

We held in case No. 1995, Horton Mfg. Co. v. White Lilly Mfg. Co., 213 Fed. 471, 130 C. C. A. 117, decided at the January, 1914, session of the court, that while claims do not in terms call for certain features of the invention—

"those features may, for the purpose of restricting the claim so that it shall meet the requirements of the inventive idea, be gathered from the specification"—citing Klein v. Russell, 19 Wall. 433–466, 22 L. Ed. 116; Burke v. Partridge, 58 N. H. 351; Jones v. Barker (C. C.) 11 Fed. 600; Walker on Patents, § 185.

[2] Taking into consideration, therefore, the fact that the combination of the four claims in suit, when construed as aforesaid, covers the specific device erected exactly as set out in the specification and drawings, whereby there is secured high leverage between the shaft and window, resulting in a device which minimizes the power necessary to operate it and an increased rotation, we have little difficulty in finding a patentable degree of invention, provided the prior art contains no anticipating devices. The combination employed is new in the window lifting art, though it contains only old elements. The result attained is very desirable, adding substantially to the efficiency of the window lifting service of greenhouses in particular and of other similar applications of lifting power.

As above stated, counsel particularly limit their reference to the prior art to the Johnson and Russell patents. The latter may, in view of our construction above set out, be left without further discussion. It is

for a "mechanical movement," and would be in point as an anticipation only in case the claims in suit were limited to a generic patent as insisted by appellant; and against the claims as construed appellant concedes that the Russell is no stronger than the Johnson patent on the question of mechanical skill versus invention.

It is urged by appellant that the Johnson patent, by the shifting of a pivot only a few inches, would become a complete anticipation of the claims in suit, and that to make such change would involve only mechanical skill. Various arrangements of the parts of the Evans device are suggested and shown in the briefs. None of them seems to have appealed to appellant in selecting his lifting device. Nor had it occurred to any one before Evans, to attempt the combination of the claims in suit and secure the advantages which appellant has sought to appropriate. The shifting of the pivot does not appeal to us as a mere matter of mechanical skill. It involved an entirely different result in the way of efficiency. Its utility appellant must concede. It is not an easy matter to determine just where the domains of mechanical skill and inventive thought have erected their boundaries. It, however, has been the policy of the law, in order to secure advances in the liberal arts, to extend to the domain of invention the benefit of any doubt with respect to the question of the absence or presence of invention. In the present case the advantages obtained by the device of the claims in suit, as above construed, the desirableness of which seems to have appealed to the acquisitiveness of appellant, together with the presumptions arising from the grant, sufficiently attest the validity of the claims in suit. Infringement being conceded, there remains only to affirm the decree of the District Court.

Affirmed.