### STURM v. WM. E. DEE CO.

(District Court, N. D. Illinois, E. D.   March 12, 1918.)

#### No. 695.

1. PATENTS ☞99—CLAIMS—SPECIFICATIONS.
    An element of an invention omitted from claims may be supplied from the specifications, which describe it.

2. PATENTS ☞328—VALIDITY—INVENTION.
    The Sturm patent, No. 1,153,269, for brick-handling tongs, *held*, in view of the prior art, not to show invention; this being particularly true as the patent, which, if valid, was a very narrow one, was not commercially successful.

In Equity. Suit by William Sturm, Sr., against the William E. Dee Company. Bill dismissed.

Brown, Hanson & Boettcher, of Chicago, Ill., for plaintiff.
John B. Macauley and George T. May, Jr., both of Chicago, Ill., for defendant.

SANBORN, District Judge. Infringement suit on patent No. 1,-153,269, issued to plaintiff September 14, 1915, for brick-handling tongs. The device in question is like the ordinary ice tongs, except that one of the jaws is adjustable, so as to enable the workman to

grasp a certain number of brick.    The objects of the invention are thus stated in the specification:

"Prominent objects of the invention are to provide a simple and practical construction of brick handling tongs, to arrange for the easy adjustment of the same to handle a greater or less number of bricks or similar articles, to prevent pinching or otherwise injuring the fingers of the party handling the device, and to secure the foregoing and other desirable results in a simple and expeditious manner."

The two claims read:

"1. A device of the class specified comprising a tubular member having a longitudinal slot, a bar or rod arranged within said tubular member and having a laterally extending grasping portion, and a ring arranged to slide upon said tubular member and having a handle provided with a shank adapted to extend through the slot in said tubular member and engage said rod or bar.

"2. A device of the class specified comprising in combination, a tubular member having a longitudinal slot, a rod or bar arranged within said tubular member and having a projecting end provided with a laterally extending grasping portion, and means for engaging said rod or bar extending through said slot, said means having a handle and a threaded shank connected with said handle and extending through said slot."

[1] The claims omit one of the elements of the invention, the operating or lifting handle; but this element may be supplied from the specification, in which it is described as a handling member 11    Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136; Duncan v. Stockham, 204 Fed. 781, 123 C. C. A. 133; Jones v. Evans, 215 Fed. 586, 131 C. C. A. 654.

[2] The invention is a very narrow one at best.    It has had very little, if any, commercial success.    All the elements of the combination are found in Zirckel, No. 673,937, and Hansen, No. 468,872.    While there is improvement in making the device more accurately adjustable, there seems to be nothing which would not readily occur to a brick handler.    Had the device supplanted others and supplied an operative demand, it might be sustained, but both these conditions are absent.

There should be a decree dismissing the bill, with costs.